**QUALITY CARE AMBULANCE SERVICE, INC, et al.,**
**Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. No. 01–2550–D A.**

United States District Court,
W.D. Tennessee,
Western Division.

May 28, 2002.

Mark L. Pittman, Esq., G. Christopher Kelly, Pittman & Kelly, Memphis, TN, for Quality Care Ambulance Service, Inc., Highlander Ambulance Service, Inc., Tony Shipley, plaintiffs.

Shelia M. Lieber, Victoria M. Corke, U.S. Department of Justice, Civil Division, Tamara L. Fiete, U.S. Department of Justice, Civil Division, Federal Programs Branch, Washington, DC, for United States of America, Department of Health and Human Services, Tommy Thompson, Health Care Financing Administration, Thomas A. Scully, defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT

DONALD, District J.

Plaintiffs, Quality Care Ambulance Services, Inc., et al., ("Plaintiffs") provide medical transport for Medicare beneficiaries in the State of Tennessee. On July 13, 2001, plaintiffs filed suit in this Court, contending that the United States of America, et. al. (collectively "Defendants") unlawfully failed to implement a uniform fee schedule for ambulance services pursuant to the Balanced Budget Act of 1997 ("BBA"). Additionally, plaintiffs' contend that defendants' inaction prevented the implementation of certain mileage schedules pursuant to the Benefits Improvement Act of 2000 ("BIPA").

Since the filing of the complaint, defendants have published a final rule establishing a fee schedule for payment of ambulance services, as well as certain supplemental mileage provisions. *See* 67 Fed.Reg. 9,100—9,135. While defendants' rules have an effective date of April 1, 2002, the BBA mandated that the uniform schedule apply to services furnished on or after January 1, 2000, and the BIPA required the amended mileage schedule to be applied to services furnished on or after July 1, 2001.

This matter is before the Court on plaintiffs' motion for summary judgement pursuant to Fed.R.Civ.P. 56, on the grounds that defendants unlawfully altered the effective dates of the statutes. For the reasons stated herein, plaintiffs' motion is **GRANTED**.

## I. Factual Background

The Balanced Budget Act of 1997 amended Title XVIII of the Social Security Act to provide a uniform fee schedule for certain ambulance services. The amendment required the Secretary of the Department of Health and Human Services ("the Secretary") to establish the new fees through a negotiated rulemaking process and to apply them to services furnished on or after January 1, 2000.

In February 1999, the Secretary convened an advisory committee to discuss the fee schedule. On September 12, 2000, the Secretary published a proposed fee schedule. Citing systems changes required to implement the new fee schedule, as well as Year 2000 compliance and "other statutory obligations," the Secretary postponed implementation of the schedule until January 1, 2001. (Def. Memo. at 5). Subsequently, on November 30, 2000, the Secretary cited the need to "consider carefully the large volume of comments received regarding the proposed rule," and warned that implementation of the schedule would be further delayed. (Def. Memo. at 5).

On December 21, 2000, Congress amended the Social Security Act to provide ambulance suppliers with certain national mileage rates during the phase-in of the new fee schedule. Pub.L. 106–554 § 1(a). As of July 13, 2001, no national mileage rates had been set, the phase-in period had not yet commenced, and the Secretary had not implemented the fee schedule.

On July 13, 2001, Plaintiffs filed suit in this Court, contending that the Secretary unlawfully failed to implement the fee schedule provided for in the Medicare statute. On October 11, 2001, defendants moved to dismiss plaintiffs' claim on the grounds that plaintiffs failed to exhaust administrative remedies. Additionally, defendants contended that this Court lacked federal question, federal defendant, and/or mandamus jurisdiction over plaintiffs' claim. On February 27, 2002, the Court denied defendants' motion. On March 8, 2002, defendants filed a Notice of Rulemaking, notifying the Court that a final rule had been promulgated regarding a fee schedule for payment of ambulance services. Subsequently, provisions for supplemental mileage payments were developed. The final rule has an effective date of April 1, 2002. Because the BBA required the uniform schedule apply to services furnished on or after January 1, 2000, and because BIPA required the amended mileage rates to apply on or after July 1, 2001, plaintiffs contend that defendants have unlawfully altered the effective date of the statutes.

## II. Summary judgment standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Facts must be presented to the court for evaluation. *Kalamazoo River Study Group v. Rockwell Int'l,* 171 F.3d 1065, 1068 (6th Cir.1999). The court may consider any material that would be admissible at trial. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2721, at 40 (2d ed.1983). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.,* 176 F.3d 921, 927 (6th Cir.1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Thaddeus–X v. Blatter,* 175 F.3d 378, 400 (6th Cir.1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Walborn v. Erie County Care Facility,* 150 F.3d 584, 588 (6th Cir.1998). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. *Kalamazoo River,* 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348.

## III. Discussion

When a court reviews an agency's construction of the statute which it administers, it must first determine whether Congress has directly spoken to the precise question at issue. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Tennessee v. Herrington,* 806 F.2d 642 (6th Cir.1986), (quoting *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–3, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

Plaintiffs contend that while defendants retained certain discretion in promulgating rules pursuant to the BBA and the BIPA, defendants lacked discretion to alter the effective dates mandated by the statutes. The Court agrees.

Defendants contend, without more, that the BBA "left the final implementation date of the fee schedule to the Secretary's discretion." (Def. Opp. Memo at 11). However, while the statutes permit wide discretion in promulgating the substance of the rules, nothing in the BBA or BIPA either explicitly or impliedly grants defendants authority to determine whether or when the rules shall be implemented. Moreover, the plain language of both statutes provides that their terms shall apply to services furnished on or after certain dates. As these dates do not admit to ambiguity, and as nothing in either statute indicates or implies otherwise, the Court finds that Congress expressly intended these dates to be the effective dates of the statutes.

Because the Court has found that these dates unambiguously express the clear intent of Congress, the Court need not address defendants' remaining arguments and declines to do so.[1]

Therefore, viewing the facts in the light most favorable to defendants, because no genuine issue of disputed fact exists as to the effective dates of the statutes, the Court finds that defendants exceeded their discretion in altering the plain language of the BBA and BIPA. Accordingly, plaintiffs' motion for summary judgment on these grounds is **GRANTED**.

## IV. Conclusion

For the foregoing reasons, plaintiffs' motion for summary judgment pursuant to Fed. R.Civ.P 56(b) is **GRANTED**.

---

1. The Court notes defendants proper contention that the law generally disfavors retroactivity. However, when, as in the instant litigation, retroactive application of a statute is wholly occasioned by the unlawful and unreasonable inaction of the administering agency, the law strongly favors equitable relief.